**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LARRY ALLEN MOORE,

      Defendant - Appellant.

No. 04-8091

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 04-CR-21-J)**

Submitted on the briefs:[1]

Raymond P. Moore, Federal Public Defender, and Robert R. Rogers, Assistant
Federal Public Defender, Cheyenne, Wyoming, for Defendant-Appellant.

Matthew H. Mead, United States Attorney, and Steven K. Sharpe, Assistant
United States Attorney, Cheyenne, Wyoming, for Plaintiff-Appellee.

---

[1]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case therefore
is ordered submitted without oral argument.

      The court wishes to acknowledge that the attorneys in this case have
submitted excellent briefs. The public defender has furnished us a superb
summary of the issue presented, and the U.S. Attorney's office is equally well
represented. The court commends the attorneys in this case.

Before **EBEL, McKAY** and **HENRY**, Circuit Judges.

**EBEL**, Circuit Judge.

This appeal requires us to decide whether a Nevada felony conviction for Driving Under the Influence ("DUI") is a "crime of violence" as defined in the United States Sentencing Guidelines. U.S. Sentencing Guidelines Manual, § 4B1.2 (2003). The district court determined that it is and accordingly increased Defendant-Appellant Larry Allen Moore's base offense level pursuant to USSG § 2K2.1(a)(4)(A). We agree that felony driving under the influence is a crime of violence under USSG § 4B1.2. However, because the particular statute Moore was convicted under is ambiguous to the extent it could penalize some nonviolent, non-driving conduct, we REMAND with instructions to the district court to evaluate this issue after determining what conduct was actually penalized in this case.

## BACKGROUND

Pursuant to a plea agreement, Defendant-Appellant Larry Allen Moore ("Moore") pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

After accepting the plea, the district court ordered that a Presentence Investigation Report ("PSR") be prepared. The PSR noted that Moore has a prior

Nevada felony conviction for Driving Under the Influence ("DUI") in 1995. The

Nevada DUI statute Moore was convicted under read:

> It is unlawful for any person who:
>      (a) Is under the influence of intoxicating liquor;
>      (b) Has 0.10 percent or more by weight of alcohol in his
>      blood; or
>      (c) Is found by measurement within 2 hours after driving
>      or being in actual physical control of a vehicle to have
>      0.10 percent or more by weight of alcohol in his blood,
> to drive or be in actual physical control of a vehicle on a highway or
> on premises to which the public has access.

Nev. Rev. Stat. § 484.379(1) (1995). Moore's 1995 conviction was a felony

because it was his "third or subsequent offense within 7 years." Id. §

484.3792(1)(c).

In the case at bar, the PSR deemed this prior conviction to be a "crime of

violence" as defined in USSG § 4B1.2. This resulted in an enhancement in

Moore's base offense level pursuant to USSG § 2K2.1(a)(4)(A). Moore objected,

arguing that a DUI is not a "crime of violence" under USSG § 4B1.2. At

sentencing, the district court overruled Moore's objection and sentenced him to

41 months' imprisonment, 36 months' supervised release, and a fine of $500.

Moore filed a timely Notice of Appeal. We exercise jurisdiction pursuant

to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**DISCUSSION**

The issue before this court is whether a Nevada felony DUI is a crime of violence under USSG § 4B1.2.[2]  "Whether a statute defines a 'crime of violence' for purposes of USSG § 4B1.2 is a question of statutory construction, which we review de novo."  United States v. Vigil, 334 F.3d 1215, 1218 (10th Cir. 2003); see also United States v. Doe, 398 F.3d 1254, 1257 (10th Cir. 2005).

To determine whether Moore's prior DUI conviction is a predicate crime of violence under § 4B1.2, "we are limited to examining the statutory elements of the crime, but if ambiguity exists under the statute we can look beyond the statute to certain records of the prior proceeding . . . ."  United States v. Zamora, 222 F.3d 756, 764 (10th Cir. 2000) (quotation marks, citation omitted).  For example, where a statute is ambiguous (i.e., reaches different types of conduct) and a defendant's conviction followed a jury trial, the court may look to charging documents and jury instructions to determine if the actual offense the defendant was convicted of qualifies as a crime of violence.  Taylor v. United States, 495

---

[2]The offense guideline for Moore's offense of conviction, possession of a firearm by a felon, is USSG § 2K2.1, which addresses the unlawful receipt, possession, or transportation of firearms or ammunition.  This guideline provides that a defendant's base offense level should be set at 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense . . . ."  USSG § 2K2.1(a)(4)(A).  For purposes of this particular guideline, "crime of violence" is defined by reference to the meaning given it "in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."  Id. § 2K2.1, cmt. n.5.

U.S. 575, 602 (1990). Where the statute is ambiguous and the defendant was convicted by a guilty plea, the court can review the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. Shepard v. United States, 125 S. Ct. 1254, 1257 (2005).

In this case, we are asked to decide whether a conviction under Nev. Rev. Stat. § 484.379(1), which makes it unlawful "to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access" while intoxicated, is a crime of violence under USSG § 4B1.2. Under this guideline,

> [t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). In addition, relevant commentary to this section provides:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted

involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

Id. § 4B1.2(a), cmt. n.1.

We hold that felony driving under the influence is a crime of violence under USSG § 4B1.2. This follows from the plain language of the guideline, which encompasses offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a)(2) (emphasis added). Driving while intoxicated clearly presents a "serious potential risk of physical injury to another" and therefore is a crime of violence under § 4B1.2(a)(2).

Other circuits have reached this conclusion in analogous cases. E.g., United States v. Rutherford, 54 F.3d 370, 371-72, 376-77 (7th Cir. 1995) (holding that assault conviction for "driving a motor vehicle under the influence of alcohol and causing serious bodily injury to the person of another with the motor vehicle" qualified as a crime of violence under USSG § 4B1.2(a)); United States v. DeSantiago-Gonzalez, 207 F.3d 261, 262, 264 (5th Cir. 2000) (holding that misdemeanor offense of "driving while intoxicated" constitutes a crime of violence under USSG § 4B1.2(a)).

However, we acknowledge that the Eighth Circuit has recently reached a different conclusion in United States v. Walker, 393 F.3d 819 (8th Cir. 2005), where that court held that Iowa's felony Operating While Intoxicated ("OWI")

- 6 -

offense is not a crime of violence under USSG § 4B1.2. Id. at 828. In Walker, the court reasoned that "[w]here general words follow specific words in a statutory enumeration, the established interpretative canons of noscitur a sociis and ejusdem generis provide that the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Id. at 824. After emphasizing the guidelines' use of the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," see USSG § 4B1.2(a) (emphasis added), and examining the relevant legislative history, the court limited USSG § 4B1.2(a)(2)'s coverage to crimes posing a serious risk of physical injury that are similar in nature to burglary of a dwelling, arson, extortion, and the use of explosives. Walker, 393 F.3d at 824-25. Because OWI is not similar to these listed offenses, and does not fit within the "ordinary meaning" of the phrase "crime of violence," the Eight Circuit concluded OWI is not a crime of violence under USSG § 4B1.2(a)(2). Walker, 393 F.3d at 825.

While we see some force to this argument, we ultimately disagree with it. At the outset, the analysis in Walker ignores the more flexible articulation of § 4B1.2's "crime of violence" definition explained in its commentary section. See USSG § 4B1.2, cmt. n.1. There, this "or otherwise" language is removed, and the inclusion of offenses with conduct posing a serious potential risk of physical

injury is de-linked from any preceding specific sequence of offenses.    Id.  Instead, the commentary gives a long list of crimes of violence ranging from murder to kidnapping to extortion and then, in a separate sentence, explains that "[o]ther offenses are included as 'crimes of violence' if . . .    the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another."  Id.

Moreover, our prior cases interpreting this broad "serious potential risk of physical injury" language in § 4B1.2 have not necessarily required any similarity to burglary, arson, extortion, or the use of explosives.  See, e.g., United States v. Rowland, 357 F.3d 1193, 1197-98 (10th Cir. 2004) (affirming "crime of violence" classification under § 4B1.2 where "Oklahoma's statutory definition of sexual battery presents the 'serious possibility[] of risk of physical injury'") (citation omitted) (alteration in original); cf. Vigil, 334 F.3d at 1223-24 (concluding risk of injury "inherent" in Colorado's aggravated incest offense makes it a crime of violence under § 4B1.2 even though, like arson or burglary, there might be some cases where incest occurs without actual physical injury).

Our conclusion that felony DUI is a crime of violence under § 4B1.2 is also compelled by our holding in United States v. Farnsworth, 92 F.3d 1001 (10th Cir. 1996).  In Farnsworth, we held that a California statute penalizing a DUI that

- 8 -

results in death is a crime of violence under USSG § 4B1.2.[3]  Farnsworth, 92 F.3d

at 1009.  With respect to this DUI, we said:

> We have no difficulty in concluding that this clearly was 'conduct
> that present[ed] a serious potential risk of physical injury to another.'
> USSG § 4B1.2(1)(ii).[4]  Accord United States v. Fry, 51 F.3d 543, 546
> (5th Cir. 1995).  We agree with the Seventh Circuit that:
>> [t]he dangers of drunk driving are well-known and well
>> documented.  Unlike other acts that may present some
>> risk of physical injury, . . . the risk of injury from drunk
>> driving is neither conjectural nor speculative. . . .  Drunk
>> driving is a reckless act that often results in injury, and
>> the risks of driving while intoxicated are well known.
>> This is sufficient to satisfy the "serious risk" standard of
>> the "otherwise" clause [of § 4B1.2(1)(ii)].

Farnsworth, 92 F.3d at 1008-09 (alterations in original) (footnote added) (quoting

Rutherford, 54 F.3d at 376-77).

Moore attempts to distinguish Farnsworth on the basis that the offense at

issue in that case was labeled "vehicular manslaughter" and therefore, as a

---

[3]The statute at issue in Farnsworth provided:

Driving a vehicle in violation of Section 23152 [DUI] or 23153 [DUI
causing bodily injury] of the Vehicle Code and in the commission of
an unlawful act, not amounting to a felony, and with gross
negligence; or driving a vehicle in violation of Section 23152 [DUI]
or 23153 [DUI causing bodily injury] of the Vehicle Code and in the
commission of a lawful act which might produce death, in an
unlawful manner, and with gross negligence.

Cal. Penal Code § 192 (West Supp. 1984) (subsequently amended) (quoted
without alterations in Farnsworth, 92 F.3d at 1008).

[4]At the time Farnsworth was decided, what is now § 4B1.2(a)(2) was
designated § 4B1.2(1)(ii).

version of manslaughter, was already specifically enumerated as a crime of violence in the commentary to USSG § 4B1.2. See USSG § 4B1.2, cmt. n.1 (listing "manslaughter" as an example of a "crime of violence"). However, this is foreclosed by the language in Farnsworth expressly declining to reach this issue. 92 F.3d at 1009 ("[W]e do not reach the government's argument that all vehicular manslaughter is 'manslaughter,' and therefore a crime of violence, for purposes of the Commentary to § 4B1.2.")

Farnsworth clearly holds that "caus[ing] death by driving while under the influence of drugs or alcohol and with gross negligence . . . describes conduct that 'by its nature, presents a serious potential risk of injury to another.'"[5] Farnsworth, 92 F.3d at 1009 (quoting USSG § 4B1.2, cmt. n.2.); see also United

---

[5]The fact that the statute in Farnsworth required proof of an actual harm—the killing of a human being—while the Nevada DUI statute at issue here could punish victimless conduct is also not a distinguishing factor. This crime of violence definition speaks in terms of risk of injury, not certainty. See Rowland, 357 F.3d at 1197-98 (quoting Vigil, 334 F.3d at 1223). Generally, the "risk" is the same in both DUI causing death and felony DUI, even if the actual result is not.

Similarly, we reject any attempt to distinguish Nevada's statute in this case based on the fact that Nevada's penalty statute for felony DUI provides that defendants convicted of felony DUI shall "be segregated from offenders whose crimes were violent . . . ." Nev. Rev. Stat. § 484.3792(1)(c) (1995). The conditions of a defendant's confinement following conviction are not an element of the underlying offense. Moreover, whether a state conviction counts as a predicate offense for a guidelines enhancement is a question of federal law "interpreted according to a uniform, national definition, not dependent upon the vagaries of state law." United States v. Martinez, 232 F.3d 728, 732 (9th Cir. 2000) (citing Taylor, 495 U.S. at 591-92).

States v. Lucio-Lucio, 347 F.3d 1202, 1207 (10th Cir. 2003) (summarizing Farnsworth as holding "[g]rossly negligent driving while intoxicated self-evidently posed 'a serious potential risk of physical injury to another'") (quoting USSG § 4B1.2(a)(2)).  We see no reason to depart from this interpretation.

Finally, Moore does point out that several recent cases have held that DUI offenses are not crimes of violence; however, these cases address very different "crime of violence" definitions.  E.g., Leocal v. Ashcroft, 125 S. Ct. 377, 379, 382 (2004) (holding "DUI causing serious bodily injury" is not a crime of violence under 18 U.S.C. § 16); Lucio-Lucio, 347 F.3d at 1204, 1205-06 (10th Cir. 2003) (holding DWI (intoxicated operation of a motor vehicle in a public place) is clearly not a crime of violence under 18 U.S.C. § 16(b)); United States v. Torres-Ruiz, 387 F.3d 1179, 1188 (10th Cir. 2004) (concluding negligent DUI causing injury is not a crime of violence under USSG § 2L1.2).

These "crime of violence" definitions, found in 18 U.S.C. § 16 and USSG § 2L1.2 respectively, are each unique from the definition in USSG § 4B1.2 at issue here.  All three of these definitions define, in part, an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another[ .]"  See 18 U.S.C. § 16(a); USSG § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii) ; USSG § 4B1.2(a)(1).  In addition, 18 U.S.C. § 16(b) defines crime of

violence to cover any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." All of the cases cited by Moore for holding that DUI is not a crime of violence under these definitions emphasize that these definitions require, in some fashion, the <u>use of physical force</u> against the person of another. See <u>Leocal</u>, 125 S.Ct. at 382-83; <u>Lucio-Lucio</u>, 347 F.3d at 1207; <u>Torres-Ruiz</u>, 387 F.3d at 1188. These cases hold that this "use of force" language implies that some "intentional availment of force" is required before an offense rises to the level of a crime of violence under those definitions. See <u>id.</u>

However, while these other definitions require at least the "risk of use of force," USSG § 4B1.2(a)(2) here covers offenses involving only the "risk of physical injury." This is a significant difference. In fact, the Supreme Court itself recognized this difference between the language of USSG § 4B1.2(a)(2) and the language of 18 U.S.C. § 16(b), which the Court said did not include a DUI offense. <u>Leocal</u>,125 S. Ct. at 383 n.7. In <u>Leocal</u>, the Court wrote:

> Thus, § 16(b) [defining crimes of violence to include offenses involving the "risk of use of physical force"] plainly does not encompass all offenses which create a "substantial risk" that injury will result from a person's conduct. The "substantial risk" in § 16(b) relates to the use of force, not to the possible effect of a person's conduct. <u>Compare</u> § 16(b) (requiring a "substantial risk that physical force against the person or property of another may be used"), <u>with</u> United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2003) (in the context of a career-offender sentencing enhancement, defining "crime of violence" as meaning,

inter alia, "conduct that presents a serious potential risk of physical injury to another"). The risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may "use" physical force against another in committing the DUI offense.

Leocal, 125 S. Ct. at 383 n.7; see also Lucio-Lucio, 346 F.3d 1207 (noting that § 4B1.2 is "obviously broader than § 16(b)" and explaining that if § 16(b) were read to reach DUI offenses "merely because they involve a significant risk of harm to the person or property of others, we would collapse the distinction between these two differently-worded definitions") (citation, quotation omitted); Torres-Ruiz, 387 F.3d at 1185 n.7 (explaining that § 4B1.2(a)(2)'s inclusion of "risk of physical injury" test "means that the Sentencing Commission recognizes the difference between 'use of force' and 'injury,' and strongly suggests that the 'use of force' incorporates an 'intent' requirement"); United States v. Venegas-Ornelas, 348 F.3d 1273, 1277 n.2 (10th Cir. 2003) (collecting Tenth Circuit cases distinguishing broad "risk of injury" test in § 4B1.2 from more narrow "risk of force" requirement in other crime-of-violence definitions), cert. denied, 125 S. Ct. 494 (2004).

Therefore, based on the foregoing, we conclude that felony driving under the influence is a crime of violence under § 4B1.2(a)(2). However, we note that the Nevada statute at issue in this case encompasses not only driving under the influence but also merely being "in actual physical control of a vehicle . . . on

- 13 -

premises to which the public has access." Nev. Rev. Stat. § 484.379(1). Thus, § 484.379 also could penalize such nonviolent conduct as sleeping off a hangover inside a locked car in a public parking lot or other similar non-driving conduct we need not imagine. Sleeping in a car while drunk simply would not pose the same "substantial risk of injury" that driving under the influence of alcohol does.

Accordingly, we hold that the statute is ambiguous in that in covers both violent and nonviolent conduct. Our record contains none of the documents permitted for review in these circumstances. See Taylor, 495 U.S. at 602; Shepard, 125 S. Ct. at 1257. Therefore, we remand for the district court to determine, based on a proper record, whether Moore was actually convicted of driving under the influence and, thus, whether a crime of violence enhancement is warranted in this case.

## CONCLUSION

We REMAND to the district court for proceedings consistent with this opinion.