**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HAROON RASHID,

      Petitioner,

v.

ALBERTO R. GONZALES, United
States Attorney General,

      Respondent.

No. 05-9535
(No. A46-188-443)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.


Petitioner Haroon Rashid, a lawful permanent resident of the United States

and a native and citizen of Pakistan, was placed in removal proceedings based on

his conviction in a Colorado state court for third degree assault. Respondent

asserted that this conviction was a "crime of violence," as defined by 18 U.S.C.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

§ 16, which subjected Mr. Rashid to removal under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F).  An Immigration Judge (IJ) determined that the third degree assault conviction was not a crime of violence, and terminated the removal proceedings.  Respondent appealed.  The Board of Immigration Appeals (BIA) reversed and remanded to the IJ for the ministerial purpose of receiving into the record various documents pertaining to the assault conviction.  The IJ then supplemented the record and ordered Mr. Rashid removed to Pakistan, pursuant to the BIA's order.  In a subsequent appeal to the BIA, the BIA ordered Mr. Rashid deported.[1]  Mr. Rashid filed a timely petition for review by this court.  The BIA denied Mr. Rashid's subsequent motion to reconsider.

We have jurisdiction to determine if Mr. Rashid is removable "by reason of a criminal offense listed in [§ 1227]."  *Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001).  We deny the petition for review.

*Scope and Standard of Review*

Respondent bears the burden in removal proceedings to prove by clear and convincing evidence that the alien is subject to removal.  8 U.S.C. § 1229a(c)(3)(A); *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005).  Because the BIA did not adopt any reasoning of the IJ, we review only the BIA's

---

[1]     The BIA characterized the IJ's decision as ordering Mr. Rashid removed based on his third degree assault conviction.  This is inaccurate, given the IJ's original order terminating the removal proceedings.  In his order after the first remand, the IJ ordered Mr. Rashid removed because the BIA directed him to.

orders. *Krastev v. INS*, 292 F.3d 1268, 1275 (10th Cir. 2002). In doing so, we review de novo the BIA's determinations of questions of law. *Fernandez-Vargas v. Gonzales*, 394 F.3d 881, 884 (10th Cir. 2005), *aff'd* 126 S. Ct. 2422 (2006). We are not, however, "at liberty to search for grounds to affirm that were not relied upon by the agency." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1205 (10th Cir. 2006).

*Statutory Framework*

The issue is whether Mr. Rashid is removable based on his conviction for third degree assault, in violation of Colo. Rev. Stat. § 18-3-204. Under 8 U.S.C. § 1227(a)(2)(A)(iii), an alien is subject to removal if he was convicted of an aggravated felony. In turn, 8 U.S.C. § 1101(a)(43)(F) includes in the definitions of "aggravated felony" the term "crime of violence," as defined in 18 U.S.C. § 16. Accordingly, we must evaluate the BIA's determination that Mr. Rashid's Colorado third degree assault conviction was a "crime of violence" under § 16.

The term "crime of violence" means –

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The third degree assault statute provides:

A person commits the crime of assault in the third degree if the person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon.

Colo. Rev. Stat. § 18-3-204.[2]

*Categorical Approach*

When evaluating a conviction under § 16, "we are to use the 'categorical approach,' under which a court must only look to the statutory definition, not the underlying circumstances of the crime." *United States v. Lucio-Lucio*, 347 F.3d 1202, 1204 (10th Cir. 2003) (quotation omitted). If we determine, however, that § 16 is ambiguous, or broad enough to encompass a spectrum of crimes, some of which would and some of which would not constitute a "crime of violence," we can look beyond the statute to certain records of the prior proceeding to determine whether the jury was actually required to make findings relevant to our analysis. *Taylor v. United States, 495 U.S. 575,* 602 (1990). More specifically, we may look at "the charging paper and jury instructions" to determine whether they "actually required the jury to find all the elements of [the crime] in order to convict the defendant." *Id.; see Shepard v. United States*, 544 U.S. 13, 23 (2005).

---

[2] Pursuant to the statute, this crime is a class 1 misdemeanor, but because Mr. Rashid was sentenced to 401 days' incarceration, *see* R. at 65, the BIA characterized the conviction as a felony under federal law. Mr. Rashid does not challenge this ruling.

*Analysis*

We first consider whether the third degree assault conviction was a crime of violence under § 16(a) ("an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). This court has determined that "the statutory language of Colorado's third degree assault statute does not necessarily include the use or threatened use of 'physical force.'" *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005). In *Perez-Vargas*, we evaluated the Colorado statute in the context of the federal sentencing guidelines, specifically U.S.S.G. § 2L1.2.[3] *Id.* at 1287. The sentencing guideline at issue in *Perez-Vargas*, § 2L1.2, is almost identical to 18 U.S.C. § 16(a). *Id.* at 1286 n.3; *accord United States v. Torres-Ruiz*, 387 F.3d 1179, 1187 (10th Cir. 2004) (stating "2L1.2 defines the phrase 'aggravated felony' by effectively incorporating the definition of 'crime of violence' found in 18 U.S.C. § 16"). "A prior conviction for third degree assault in Colorado . . . is not categorically a crime of violence under USSG § 2L1.2." *Perez-Vargas,* 414 F.3d at 1287. Accordingly, we conclude that Mr. Rashid's conviction for third degree assault is not categorically a crime of violence under § 16(a).

---

[3]    "Crime of violence" includes "any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, Application Note 1(B)(iii).

We next turn to the question of whether Mr. Rashid's prior conviction is categorically a crime of violence under § 16(b) ("any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). Section 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004).

In the criminal-sentencing context, this court has held that "a Colorado third degree assault is categorically a crime of violence under U.S.S.G. § 4B1.2(a)." *United States v. Krejcarek*, ___ F.3d. ___, No. 04-1531, 2006 WL 1892573, *3 (10th Cir. July 11, 2006) (citing *United States v. Paxton*, 422 F.3d 1203, 1207 (10th Cir. 2005)).[4] But we have not held that third degree assault categorically is a crime of violence under § 16(b). There is a "significant difference" between § 4B1.2's requirement of a "risk of physical injury," and § 16(b)'s requirement of a "risk of use of force." *United States v. Moore*, 420 F.3d 1218, 1224 (10th Cir. 2005). "Without a distinction between crimes that potentially involve violent conduct and crimes that merely involve the possibility

_____

[4]    "Crime of violence" refers to an offense that "(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." U.S.S.G. § 4B1.2(a).

of resulting harm, the § 16(b) definition would be far too inclusive. . . ." *Lucio-Lucio*, 347 F.3d at 1206; *see also id.* at 1207 (noting and preserving distinction between § 16(b) and § 4B1.2(a)(2), which is "obviously broader than § 16(b)"; limiting holding to cases not involving actual injury to others). Accordingly, the actual conduct that is criminalized must be considered when applying § 16(b).

Looking beyond the statute of conviction, the BIA reasoned, and we agree, that "jury instructions 8 through 12 reflect that [Mr. Rashid] offered a self-defense theory at trial, and two of those instructions discuss the use of physical force." *In re Rashid*, No. A46 188 443, 2005 WL 3802089 (BIA Dec. 1, 2005) (unpublished). In particular, Instruction No. 9 stated:

> It is an affirmative defense to the crime of assault in the third degree that the defendant used physical force upon another person:
>
> 1.  in order to defend himself from what he reasonably believed to be the use or imminent use of unlawful physical force by the victim, and
>
> 2.  he used a degree of force which he reasonably believed to be necessary for that purpose.
>
> However, the defendant was not justified in using physical force if:
>
> 1.  with intent to cause bodily injury to another person, he provoke[d] the use of unlawful physical force by that other person, or
>
> 2.  he [was] the initial aggressor, except that his use of physical force upon another person under the circumstances [was] justifiable if he [withdrew] from the encounter and effectively communicate[d] to the other person his intent to do so, but the latter nevertheless continue[d] or threaten[ed] the use of unlawful physical force, or

3. the physical force involved [was] the product of a combat by agreement not specifically authorized by law.

R. at 148.

By returning a guilty verdict to the charge of third degree assault, the jury, which we presume followed the jury instructions, necessarily rejected Mr. Rashid's affirmative defense that he used physical force against the victim to defend himself. In doing so, the jury necessarily had to find that Rashid "was not justified in using physical force" for one of the three reasons outlined in the instruction quoted above. We conclude that any of these three reasons would be sufficient to satisfy the requirements of § 16(b), i.e., all three indicate that the crime/situation involved a substantial risk that Rashid would use, or did in fact use, physical force against the victim.

*Conclusion*

We conclude that Mr. Rashid's prior conviction under the Colorado third degree assault statute was a crime of violence, as defined in 18 U.S.C. § 16. Consequently, his removal is warranted pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F). The petition for review is DENIED.

ENTERED FOR THE COURT

PER CURIAM