**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOYD GLENN GWARTNEY,

Defendant - Appellant.

No. 06-5066

(N.D. Oklahoma)

(D.C. No. 05-CR-116-HDC)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant-appellant Loyd Glenn Gwartney pled guilty to one count of

possession of a firearm after previously being convicted of a felony, in violation

of 18 U.S.C. § 922(g)(1). Because he had numerous prior felony convictions,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

including several felony convictions for driving under the influence, Gwartney was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He was accordingly sentenced to 180 months' imprisonment, the statutory minimum under the ACCA, followed by five years of supervised release. Gwartney appeals, and we affirm his sentence.

## BACKGROUND

On March 17, 2005, a Tulsa, Oklahoma, police officer stopped the pickup truck driven by Gwartney because it had a broken taillight. During the course of the traffic stop, the officer noticed a sawed-off shotgun in the pickup truck cab and learned that Gwartney was a convicted felon. Gwartney pled guilty, and his case proceeded to sentencing.

In preparation for Gwartney's sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR recommended that Gwartney be sentenced under the ACCA because of his six prior felony convictions, which the PSR categorized as violent. Five of the six convictions were for driving under the influence ("DUI"). Gwartney filed an objection to the use of the DUI convictions as prior violent felonies under the ACCA. The district court rejected Gwartney's objection and sentenced him under the ACCA to the mandatory minimum sentence of fifteen years, or 180 months. This appeal followed.

**DISCUSSION**

Pursuant to section 924(e) of the ACCA, a "person who violates section 922(g) of this title [being a felon in possession of a firearm] and has three previous convictions . . . for a violent felony . . . shall be fined under the title and imprisoned not less than fifteen years. . . ." 18 U.S.C. § 924(e). "[W]hether a particular conviction was for a 'violent felony' under § 924(e) is . . . a question of law for the court." United States v. Harris, 447 F.3d 1300, 1303 (10th Cir. 2006).

The definition of "violent felony" under the ACCA is as follows:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that–
(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). That definition is virtually identical to the one contained in the United States Sentencing Commission, Guidelines Manual ("USSG"), §4B1.2(a), for career offenders. As the Seventh Circuit has observed, "there is no basis for reading these provisions differently." United States v. Sperberg, 432 F.3d 706, 708 (7th Cir. 2005).

As Gwartney concedes before us and conceded before the district court, our circuit recently held that the crime of felony DUI is a crime of violence for purposes of applying USSG §4B1.2(a). United States v. Moore, 420 F.3d 1218 (10th Cir. 2005). As we stated in Moore, "[d]riving while intoxicated presents a

-3-

'serious potential risk of physical injury to another' and therefore is a crime of violence under §4B1.2(a)(2)." Id. at 1221. Accordingly, our circuit has clearly determined that a felony DUI conviction qualifies as a violent felony under the ACCA. All other circuits which have considered the matter have also held that felony DUI is a crime of violence under §4B1.2(a) or a violent felony under the ACCA. See United States v. Veach, 455 F.3d 628, 636 (6th Cir. 2006) (§4B1.2(a)); United States v. McGill, 450 F.3d 1276 (11th Cir. 2006) (§4B1.2(a)); United States v. McCall, 439 F.3d 967 (8th Cir. 2006 (en banc) (ACCA); Sperberg (ACCA); United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000) (holding that misdemeanor DUI was a crime of violence under §4B1.2(a)).

Gwartney acknowledges this adverse precedent, and merely preserves the issue for possible reconsideration by this panel. However, the decision in Moore clearly binds the panel in this case "'absent en banc reconsideration or a superseding contrary decision by the Supreme Court.'" Shivwits Band of Paiute Indians v. Utah, 428 F.3d 966, 973 (10th Cir. 2005), (quoting In re Smith, 10 F.3d 723, 724 (10th Cir. 1993)), petition for cert. filed, 74 USLW 3532 (Mar. 9, 2006) (05-1160).

**CONCLUSION**

For the foregoing reasons, Gwartney's sentence is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge