**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Dean TIGER, Defendant–Appellant.**

No. 07–5027.

United States Court of Appeals, Tenth Circuit.

Sept. 5, 2007.

Philip E. Pinnell, Asst. U.S. Attorney, Kevin C. Danielson, Thomas S. Woodward, U.S. Attorney, Office of the United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Jimmy Lance Hopkins, Tahlequah, OK, for Defendant–Appellant.

**284**

Before KELLY, MURPHY, and O'BRIEN, Circuit Judges.

### ORDER AND JUDGMENT*

TERRENCE L. O'BRIEN, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ronald Dean Tiger pled guilty to bank robbery. The Pre–Sentence Report determined Tiger's prior driving under the influence (DUI) conviction constituted a "crime of violence" under the career offender guideline, USSG § 4B1.2(a)(2). Tiger objected, claiming the DUI conviction should not be considered a "crime of violence." He conceded before the district court, however, this Circuit's precedent foreclosed his argument. The district court overruled his objection, applied § 4B1.2(a)(2) and sentenced Tiger within the career offender guideline range. In this appeal, Tiger argues a DUI conviction should not be considered a "crime of violence" under § 4B1.2(a)(2).

In *United States v. Moore*, we held to the contrary. 420 F.3d 1218, 1221 (10th Cir.2005). Recognizing this panel lacks the authority to overrule *Moore*, Tiger concedes *Moore* precludes his argument. *See United States v. Brown*, 400 F.3d 1242, 1256 (10th Cir.), *cert. denied*, 546 U.S. 860, 126 S.Ct. 138, 163 L.Ed.2d 140 (2005).

**AFFIRMED.**

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.