**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

    No. 07-5027

RONALD DEAN TIGER,

    Defendant - Appellant.

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 06-CR-163-P)**

---

Submitted on the briefs:[*]

David E. O'Meilia, United States Attorney, and Kevin Danielson, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff - Appellee.

J. Lance Hopkins of Tahlequah, Oklahoma, for Defendant - Appellant.

---

Before **KELLY, MURPHY** and **O'BRIEN**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This case is before us on remand from the United States Supreme Court. Appellant, Ronald Dean Tiger, pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced as a career offender pursuant to USSG §4B1.1.[1] The district court rejected Tiger's argument that his prior felony conviction for driving under the influence (DUI) should not constitute a "crime of violence" within the meaning of USSG §4B1.2(a)(2).[2] We affirmed Tiger's sentence on appeal, relying on *United States v. Moore*, 420 F.3d 1218, 1221 (10th Cir. 2005). *United States v. Tiger*, 240 Fed. Appx. 283 (10th Cir. 2007). Tiger sought certiorari review from the Supreme Court. On April 21, 2008, the Court granted Tiger's petition, vacating the judgment and remanding to this Court for further consideration in light of *Begay v. United States*, 128 S.Ct. 1581 (2008).

In *Begay*, the Court held that the New Mexico felony offense of DUI was not a "violent felony" within the meaning of the Armed Career Criminal Act

---

[1] A defendant is a career offender under USSG §4B1.1 if "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG §4B1.1(a).

[2] Tiger was convicted of DUI in violation of Okla. Stat. tit. 47, § 11-902(A) and (C). Subsection (A) defines the offense of driving under the influence. Pursuant to subsection (C), the offense is a misdemeanor when first committed and a felony when repeated within ten years of the first conviction.

(ACCA), 18 U.S.C. § 924(e)(1), because "[i]t is simply too unlike the provision's listed example for us to believe that Congress intended the provision to cover it." 128 S.Ct. at 1584. The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

   (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (2000). The Court stated: "In our view, DUI differs from the example crimes – burglary, arson, extortion, and crimes involving the use of explosives – in at least one pertinent, and important, respect. The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Begay*, 128 S. Ct. at 1586. By contrast, "statutes that forbid driving under the influence . . . typically do not insist on purposeful, violent and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Id.* at 1586-87. "[T]his distinction matters considerably." *Id.* at 1587. "We have no reason to believe that Congress intended to bring within the statute's scope . . . crimes . . . far removed . . . from the deliberate kind of behavior associated with violent criminal use of firearms. The statute's use of examples (and the other considerations we have mentioned)

indicate the contrary." *Id*.

Tiger was not sentenced under the ACCA.  However, the definition of "crime of violence" contained in USSG §4B1.2(a) is virtually identical to that contained in the ACCA.[3]  Because the Court's reasoning in *Begay* applies equally to the sentencing guidelines, we hereby overrule our holding in *Moore* that "[d]riving while intoxicated clearly presents a 'serious potential risk of physical injury to another' and therefore is a crime of violence under §4B1.2(a)."[4]  420 F.3d at 1221.

We **REMAND** to the district court with instructions to vacate Tiger's sentence and resentence.

---

[3] USSG §4B1.2(a) defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --"
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

[4] This Court can overrule a prior panel decision absent en banc reconsideration where there is a superseding contrary decision by the United States Supreme Court.  *See In re Smith*, 10 F.3d 723 (10th Cir. 1993).