**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY RAY MASON,

Defendant - Appellant.

No. 10-7091

(E.D. Oklahoma)

(D.C. No. 6:09-CR-00100-RAW-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Billy Ray Mason pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was determined to be an armed career criminal under the Armed Career Criminal Act

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("ACCA"), 18 U.S.C. § 924(e), and was sentenced to 188 months' imprisonment, followed by 48 months of supervised release. Mr. Mason appeals his sentence, arguing that he was incorrectly sentenced as an armed career criminal. We affirm.

## BACKGROUND

There is no dispute as to the basic facts leading up to Mr. Mason's guilty plea. We accordingly only address the facts relevant to the ACCA sentencing issue.

Following Mr. Mason's guilty plea, and in preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual (2009) ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). This PSR, dated May 10, 2010, calculated an advisory Guidelines sentencing range of 57 to 71 months. It did not recommend sentencing Mr. Mason under the ACCA.

The government objected to the PSR, arguing that certain of Mr. Mason's prior convictions qualified as predicate violent felonies, and made him eligible for a sentencing enhancement under the ACCA.[1] The government relied upon the following three prior offenses committed by Mr. Mason: (1) an October 26, 1995,

_____

[1]The ACCA provides for a minimum 15-year sentence for a person convicted of being a felon in possession of a firearm and who has three prior convictions for "violent felonies."

-2-

sealed juvenile conviction in Rogers County District Court, Claremore, Oklahoma, for assault and battery with a dangerous weapon; (2) a December 19, 2001, conviction in Tulsa County District Court, Tulsa, Oklahoma, for larceny from a person; and (3) a May 10, 2005, conviction in Tulsa County District Court, Tulsa, Oklahoma, for assault and battery upon a police officer and possession of a controlled drug with intent to distribute.

Mr. Mason objected to the ACCA enhancement, arguing that his juvenile conviction should not count as a violent felony because it was "dismissed" and because the juvenile record is sealed and it is impossible to determine what kind of dangerous weapon was used. He also claimed that his conviction for larceny from a person does not count as a predicate violent felony because the Oklahoma larceny statute does not have violence as an element.

In response to these objections, the probation office issued a revised PSR on August 9, 2010. It rejected Mr. Mason's objections and recommended a sentencing enhancement under the ACCA. The amended PSR explained that the probation officer writing the PSR had contacted the applicable county district attorney's office regarding Mr. Mason's juvenile offense and learned that:

> a dismissal in juvenile proceedings does not negate the delinquent adjudication, but instead closes the Court's interest in the juvenile case. In this case, the . . . Rogers County District Attorney's Office[] . . . confirmed that the defendant was adjudicated delinquent, and that adjudication was not discounted or thrown out, but . . . the Court was, in fact, closing its interest in the case upon the defendant's completion of terms as required by the Court.

-3-

PSR Add. at 2, R. Vol. 3 at 22. The probation officer also obtained a copy of the Petition charging Mr. Mason with the juvenile crime, which stated that the offense involved Mr. Mason assaulting a female subject with a knife which had a stainless steel blade approximately 3-1/8 inches in length. It further alleged that Mr. Mason held the knife in his hand and used it "to present, menace and threaten to cut [the female subject] with the unlawful and felonious intent then and there to do her bodily harm." Petition at 1, Gov. Ex. 1.

With respect to the Tulsa County conviction for larceny from a person, the probation officer obtained a copy of the Judgment and Sentence and the charging Information, which stated that the offense involved Mr. Mason and two other individuals robbing a store with the use of a knife and baseball bats, "which they used to menace and threaten the [victims] with harm if they resisted." Information, Gov. Ex. 2. The amended PSR accordingly determined that both convictions qualified as violent felonies for the purpose of sentencing under the ACCA. With this enhancement, the applicable advisory Guideline sentencing range was 188 to 235 months.

On September 20, 2010, Mr. Mason filed his "Memorandum in Aid of Sentencing and Objections to Pre Sentence Report." With regard to the juvenile conviction, Mr. Mason conceded that the probation officer and the court could examine "extrinsic documents" to determine whether the conviction qualified as a violent felony, but argued, without citation to authority, that "where[,] as here,

the records are sealed, it is unfair to use any documents, not of an official record. It denies the defendant the use of the whole record or at least the part that may be used at the defendant's sentencing without an ability to refute or clarify the issue." Mem. at 3, R. Vol. 1 at 15. With respect to the larceny from a person conviction, he argued that, because the larceny statute did not "contain an element of violence, the court can not go outside the statutory definition." Id. He further asserted, "[e]ven if the modified categorical approach was an issue herein, details of a case are not documents the court can rely upon to determine if the conviction may be a predicate for armed career criminal status." Id. at 15-16.

The sentencing hearing was held on November 9, 2010. Mr. Mason admitted that, under the language of 18 U.S.C. § 924(e), his juvenile adjudication is a qualifying predicate offense. He nonetheless argued that it is unfair to use a juvenile conviction and he claimed the adjudication itself must contain the language "violent felony." Mr. Mason cited no authority for these propositions. The government disputed these claims, and noted that in the stipulation adjudicating Mr. Mason delinquent, he stipulated to the facts, including the fact that he used a knife to assault the victim.

Mr. Mason also conceded that a recent Tenth Circuit case, United States v. Patillar, 595 F.3d 1138 (10th Cir.), cert. denied, 130 S. Ct. 3464 (2010), held that larceny from a person is a violent felony. Nonetheless, he argued against that case as precedent, claiming that since force or violence is not an element of the

Oklahoma larceny statute, larceny from a person cannot be a violent crime for ACCA purposes. Government counsel responded that there are many ways to establish a violent felony under the larceny statute and that larceny from a person falls within the violent crime definition in 18 U.S.C. § 924(e)(2)(B)(ii) ("[A]ny crime . . . that . . . otherwise involves conduct that presents a serious risk of physical injury to another."). The government also pointed out that the "Judgment and Sentence" and the attached "Findings of Fact-Acceptance of Plea" relating to Mr. Mason's larceny conviction established that he pled guilty to larceny from a person, in which he went "into the Fine Stop [store] with a knife and made the store clerk give [him] the money that was located in the register." Judgment & Sentence at 6.

After hearing argument from both sides, the district court determined by a preponderance of the evidence that both prior convictions counted as predicate violent felonies for purposes of the ACCA. Accordingly, the court determined that Mr. Mason's sentence would, at a minimum, be 15 years. Given that the advisory Guideline range was 188 to 235 months, Mr. Mason asked the court to vary downward to the statutory minimum of 180 months (15 years). Government counsel, noting how dangerous Mr. Mason's conduct was prior to his arrest in the instant case, advocated for a sentence at the bottom of the Guidelines range (188 months). The court sentenced Mr. Mason to 188 months' imprisonment.

Mr. Mason timely appealed, challenging the determination that the juvenile assault conviction and the larceny conviction qualified as prior violent felonies for ACCA purposes.

**DISCUSSION**

The ACCA requires a minimum 15-year sentence for a person convicted of being a felon in possession of a firearm, and who has three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). Under the ACCA, a "violent felony" is:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such a term if committed by an adult, that-
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). This last clause ("or otherwise involves conduct . . .") is called the "residual clause."

In a series of cases, the Supreme Court has elaborated on how to determine whether a defendant has been convicted of a "violent felony" under the ACCA. Accordingly, in most cases, courts will apply the "categorical approach," pursuant to which "courts should look 'only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" United

States v. Nevels, 490 F.3d 800, 806 (10th Cir. 2007) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)).  In employing the categorical approach, we should "focus on the basic elements of the conviction" so that "[i]f the statutory elements are consistent with the generic elements of [a crime], then the conviction satisfies a violent felony."  Id. at 807 (further quotations omitted).  This approach applies equally to convictions pursuant to a guilty plea and convictions following a jury trial.  See Shepard v. United States, 544 U.S. 13 (2005).

If, however, "the statute encompasses both conduct that would qualify as a crime of violence and conduct that would not, we employ a modified categorical approach and look to the statutory elements, the defendant's charging documents, plea agreement and colloquy (if any), and uncontested facts found by the district judge to determine whether the particular defendant's conduct violated the portion of the statute that is a crime of violence."[2]  United States v. Wise, 597 F.3d 1141, 1144 (10th Cir. 2010); see also United States v. Romero-Hernandez, 505 F.3d 1082, 1086 (10th Cir. 2007).

Whether a defendant's sentence is properly enhanced under the ACCA is a question of law which we review de novo.  United States v. West, No. 10-4123,

_____

[2]USSG §4B1.2 operates very similarly to the ACCA.  The Guidelines use the term "crime of violence," while the ACCA uses the term "violent felony." Because of the similarity in language between 18 U.S.C. § 924(e)(2)(B) and USSG §4B1.2(a), we look at precedent involving either provision interchangeably.  See United States v. Tiger, 538 F.3d 1297, 1297-98 (10th Cir. 2008).

— F. 3d —, 2011 WL 1844112, at *2 (10th Cir. May 17, 2011). The government has the burden to prove by a preponderance of the evidence that the enhancement is warranted. United States v. McMahon, 91 F.3d 1394, 1397 (10th Cir. 1996).

As indicated, Mr. Mason claims that neither his juvenile conviction for assault with a deadly weapon, nor his larceny from a person conviction qualify as "violent felonies" under either the categorical or the modified categorical approach. We examine each in turn.

## I. Juvenile conviction

In October 1995, Mr. Mason was adjudicated a juvenile delinquent on the charge of assault and battery with a dangerous weapon. The term "violent felony" encompasses "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(1). Since it is unclear from the charge itself whether the dangerous weapon was a firearm, knife, or destructive device, the district court, quite properly, reviewed the charging documents to determine the details of the actual crime.

The charging document, called "PETITION," states that Mr. Mason was charged with committing an assault on the victim with "a knife with a stainless steel blade approx. 3 1/8" long." Attached to the Petition was the "Journal Entry of Judgment for Adjudication Stipulation." That document contained a statement that Mr. Mason "knowingly and intelligently waive[d] [his right to have evidence presented against him] and entered a stipulation to the facts alleged in the

petition." That delinquency adjudication fits squarely within § 924(e) as an "act of juvenile delinquency involving the use or carrying of a . . . knife . . . that has as an element the use, attempted use or threatened use of physical force against the person of another" and that "involves conduct that presents a serious potential risk of physical injury to another."

Mr. Mason argues, without citation of authority, that we may not consider his juvenile record because it is sealed. We are aware of no authority which prohibits the use of sealed documents for purposes of the ACCA. This argument deserves no further attention.

Mr. Mason then makes a broader argument that it is unfair to use juvenile records to determine sentence enhancements under the ACCA. Our court has done so. In United States v. Nevels, 490 F.3d 800, 808 (10th Cir. 2007), we upheld the use of the categorical approach in examining juvenile delinquency adjudications:

> If a sentencing court determines from the statutory definitions of conviction or the approved Taylor-Shepard supporting documents that there was (1) a qualifying act of juvenile delinquency, and it (2) involved the use or the carrying of a firearm [,knife, or destructive device], then no further inquiry is necessary under the ACCA.

Id. That is precisely what the district court did in this case. The court accordingly was correct in concluding that Mr. Mason's juvenile delinquency adjudication was properly characterized a "violent felony," a predicate offense under the ACCA.

**II. Larceny from a person**

Mr. Mason argues that his conviction for larceny from a person does not qualify as a predicate "violent felony" for ACCA purposes. He cites no authority for that proposition. We have held that the Oklahoma offense of larceny from a person is a crime of violence under USSG §4B1.2(a). United States v. Patillar, 595 F.3d 1138 (10th Cir. 2010). Because we use cases construing USSG §4B1.2(a) as precedent for cases involving the ACCA, Patillar refutes Mr. Mason's argument. Even were we to take the modified categorical approach to the question, we would find that Mr. Mason's conviction for larceny from a person is a violent felony. The probation officer provided to the district court documents from Oklahoma (a "Judgment and Sentence," "Findings of Fact-Acceptance of Plea," "Sentence on Plea," and an "Information"), which establish that Mr. Mason used a knife and a baseball bat to force a store clerk to give him cash from the register. We therefore affirm the district court's determination that Mr. Mason's conviction for larceny from a person qualified as a violent felony under the ACCA.

**CONCLUSION**

For the foregoing reasons, we AFFIRM Mr. Mason's sentence.[3]

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Appellee's "Application for Leave to File Attachments Under Seal" is granted.