# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-4135

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROLAND C. SPERBERG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-CR-0084-S-01—**John C. Shabaz**, *Judge.*

ARGUED NOVEMBER 2, 2005—DECIDED DECEMBER 19, 2005

Before COFFEY, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Normally the maximum penalty for possessing a firearm despite a prior felony conviction is 10 years' imprisonment. 18 U.S.C. §922(g). But Roland Sperberg, who pleaded guilty to that offense, has been sentenced to 210 months because the district judge concluded that he had been convicted of at least three other "violent felonies." The Armed Career Criminal Act, 18 U.S.C. §924(e), exposes such recidivists to life imprisonment (with a minimum term of 15 years). Sperberg contends that the jury rather than the judge should have determined whether he has the requisite number of qualifying felony convictions, but *Almendarez-Torres v. United States*, 523

U.S. 224 (1998), scotches that contention. As recently as *United States v. Booker*, 125 S. Ct. 738 (2005), the Court has treated prior convictions as an exception to the rule that juries determine all facts that affect maximum available punishments. We must follow *Almendarez-Torres* unless the Justices direct otherwise, so we turn to the meaning of §924(e).

"Violent felony" is a defined term. It "means any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". 18 U.S.C. §924(e)(2)(B). Sperberg has a lengthy record, and many of his convictions may come within this definition. The district judge specified three in particular, and Sperberg concedes that one fits the bill. He contends, however, that the other two do not.

One of these two is a conviction for threatening a security guard. Sperberg stole some lobster tails from a grocery store. While making his escape, he told the guard to get out of the way because he had a gun. He was convicted of violating Wis. Stat. §943.30(1). The district court treated this offense as a "violent felony" under subsection (i) because §943.30(1) has as an element "the threatened use of physical force against the person of another". Sperberg replies that two kinds of threat violate §943.30(1): a threat to injure another, and a threat to accuse another falsely of crime. Moreover, Wisconsin equates physical and economic injury: a threat to injure the guard in his wallet by trashing his car would violate the statute. Only by examining the charging documents could the federal court know which kind of threat had been entailed, and Sperberg insists that courts must stop with the statutory definition. (Sperberg

pleaded *nolo contendere*; as a practical matter, the criminal information and plea colloquy are the full record.)

True it is that recidivist enhancements depend on what the person stands convicted of and not what he did in fact. See, e.g., *United States v. Howze*, 343 F.3d 919, 921 (7th Cir. 2003). Usually this means sticking with the text of the statute. But when a law specifies multiple ways to commit an offense—one within the scope of a recidivism enhancement and the other not—the federal court may examine the charging papers and plea colloquy to determine which variety of offense the conviction reflects. See, e.g., *Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

The charge was that Sperberg threatened the guard, and during the plea colloquy the state judge said that the threat had been with a gun (the affidavit supporting the criminal information, and deemed part of the charge under state practice, says that Sperberg told the guard: "I've got a gun and I'll shoot you"); Sperberg did not reply that he had instead threatened to accuse the guard of crime or vandalize his car. The district judge here looked no further than *Shepard* and *Taylor* allow; he did not turn to police reports or equivalent documents. The state judge let Sperberg off with a slap on the wrist, apparently thinking that Sperberg had been too drunk and high on other drugs to follow through, but this does not alter the nature of the crime. Sperberg's conviction under §943.30(1) has been classified correctly.

Drunk driving is the second conviction in question—but not just any drunk driving. Wisconsin treats driving under the influence as a misdemeanor, but, after a sequence of convictions have been ineffectual in deterring repetition, Wisconsin elevates the offense to a felony. Thus Sperberg's eighth conviction for driving while intoxicated was a felony under state law, see Wis. Stat. §346.63(1)(b), §346.65(2)(e),

and because it was punishable by imprisonment for more than one year met the first requirement of §924(e). But the state law does not include actual or threatened use of force as an element; it is possible to operate a vehicle while under the influence without hitting another car or threatening to do so. Thus the question becomes whether this offense satisfies subsection (ii) because it "involves conduct that presents a serious potential risk of physical injury to another". Our decision in *United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995), gives an affirmative answer, holding that drunk driving poses serious risks to other motorists and pedestrians—which is, after all, why it is forbidden.

Although *Rutherford* dealt with a provision of the Sentencing Guidelines now codified at U.S.S.G. §4B1.2(a)(2), its language is identical to that of §924(e)(2)(B)(ii). Context as well as the text is identical; there is no basis for reading these provisions differently. This leads Sperberg to contend that *Rutherford* is wrongly decided and should be discarded. He relies on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which holds that drunk driving is not a "crime of violence" under 18 U.S.C. §16, even when it is a felony under state law. If driving while intoxicated isn't a "crime of violence," then how can it be a "violent felony," Sperberg inquires. The answer lies in the statutory language. A "crime of violence" means "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Notice the emphasis: §16 speaks of using force (as an element of the offense in sub-a or a risk in sub-b), while §924(e) speaks of conduct that "presents" a serious risk. The outcome of *Leocal* turned on the way §16 employed the word "use." The Court thought that to "use" force is to

apply it deliberately, which let out the offense of drunk driving—for although driving is deliberate, the application of force is not. Section 924(e)(2)(B)(ii), by contrast, asks about consequences—is someone likely to be hurt?—rather than whether the offender deliberately applied force. *Rutherford* therefore survives *Leocal*: materially different language justifies a different interpretation.

The most one can say for Sperberg's position is that *Leocal* cited with apparent approval *United States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992) (Breyer, J.), which stated that §924(e) as a whole "calls to mind a tradition of crimes that involve the possibility of more closely related, active violence." Most of the crimes classified as "violent felonies" under §924(e) indeed fit that description—but most is not all, and the catch-all in subsection (ii) calls for risky activity to be classified with more traditional crimes of violence.

Other circuits are divided on the question whether, after *Leocal*, felony drunk driving is a "violent felony" under §924(e)(2)(B)(ii). One holds that it is. *United States v. Moore*, 420 F.3d 1218, 1224 (10th Cir. 2005). A panel of the eighth circuit has gone the other way. See *United States v. Walker*, 393 F.3d 819, 828 (8th Cir. 2005). But disagreement within that court has led to rehearing in *United States v. McCall*, 397 F.3d 1028 (8th Cir.), rehearing en banc granted, 2005 U.S. App. LEXIS 7043 (argued Sept. 12, 2005), where a divided panel followed *Walker* but doubted its correctness. If we were to switch sides, it would more likely aggravate than eliminate a conflict. *Rutherford* shall remain this circuit's position.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*