**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 11, 2007
Decided July 23, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4145

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>SHAWN LEDCKE,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 CR 58-1<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Shawn Ledcke was indicted on one count of conspiracy to deal firearms, most with obliterated serial numbers, to out-of-state residents, 18 U.S.C. §§ 371, 922(a)(5), 922(k), and two counts of possessing firearms after having been convicted of a felony, *id.* § 922(g)(1). After he pleaded guilty to the charges, the district court sentenced him to a total of 120 months' imprisonment, the bottom of the calculated guidelines range. Ledcke challenges that sentence on appeal. We affirm.

## I. Background

Ledcke was indicted on the firearms charges after a coconspirator informed federal agents that he and Ledcke purchased approximately 43 firearms in Ohio and sold them in Chicago to reputed members of street gangs and the Mexican

mafia.  Ledcke pleaded guilty to the charges, and the probation officer subsequently prepared a presentence investigation report ("PSR").  In the PSR the officer determined that Ledcke's base offense level was 24 because he had two prior Illinois felony convictions for "crimes of violence"—a 1996 conviction for aggravated battery, and a conviction in 2000 for reckless homicide, *see* U.S.S.G. §§ 2K2.1(a)(2), 4B1.2(a)(2).  To this the officer added six levels because Ledcke possessed and sold between 25 and 99 firearms, § 2K2.1(b)(1)(C), two levels because he removed the serial numbers from the guns, § 2K2.1(b)(4), and four levels because he knew of at least one instance when the firearms would be used in connection with another felony offense, § 2K2.1(b)(5).  The probation officer then subtracted three levels for acceptance of responsibility, § 3E1.1(a)-(b).  The total offense level of 33, combined with Ledcke's Criminal History Category of VI, yielded a guidelines imprisonment range of 235 to 293 months.

Ledcke objected to the probation officer's calculations on two grounds.  First, he argued that the officer incorrectly selected a base offense level of 24. Specifically, Ledcke contended that reckless homicide is not a "crime of violence" as defined by U.S.S.G. § 4B1.2(a)(2), which, as pertinent here, is defined to include "conduct that presents a serious potential risk of physical injury to another." Relying on the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), Ledcke argued that to qualify as a "crime of violence," a predicate offense must have as an element "a higher *mens rea* than merely accidental or negligent conduct." Illinois criminal law provides that a person acts recklessly when he or she "consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow . . . and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." 720 ILL. COMP. STAT. 5/4-6.  Ledcke argued that this definition encompasses "only merely accidental conduct," and thus he contended that his conviction for reckless homicide did not include the necessary level of intent to be a "crime of violence." Therefore, Ledcke asserted, because he had only one conviction for a "crime of violence," his correct total offense level was 20.  U.S.S.G. § 2K2.1(a)(4).  Ledcke alternatively challenged the probation officer's determination that the total offense level was 33.  He argued that under U.S.S.G. § 2K2.1(b) his cumulative offense level could not exceed 29, which, in turn, yielded a total offense level of 26 after accounting for the downward adjustment for acceptance of responsibility.

At sentencing the district court rejected Ledcke's challenge to the probation officer's selection of a base offense level of 24.  The court concluded that the indictment underlying Ledcke's reckless homicide conviction sufficiently established that the offense was a "crime of violence," reasoning that the indictment satisfied § 4B1.2(a)(2) by "quite clearly requir[ing] recklessness."  *Leocal* did not affect this determination, the court stated, because the Supreme Court in that case "specifically excluded from its consideration cases or offenses that require proof of

'reckless use of force against a person or property of another.'" However, the court agreed with Ledcke that under § 2K2.1(b) his offense level could not be upwardly adjusted beyond 29, accordingly adopted a total offense level of 26, and recalculated a guidelines imprisonment range of 120 to 150 months.

After the court recalculated the guidelines range, it heard from both parties regarding the length of sentence to impose. The government advocated for a sentence within the range based on the seriousness of Ledcke's firearms offenses and his substantial criminal history. Ledcke, in turn, urged the court to impose a sentence of seven years—36 months below the guidelines range—based on his difficult upbringing, loyalty to his family and friends, recent cessation of his gang membership, and cooperation with federal authorities. Ledcke acknowledged that his criminal history "is frightening on paper," which gave credence to the government's argument that the public must be protected from him. But, Ledcke continued, any concern the court had for protecting the public would be quelled "by the simple virtue of the fact that [he would] be on a term of supervised release when he is done with his sentence."

After considering the parties' arguments, the district court decided that a 120-month sentence was appropriate. The court noted that "there's plenty of positive things in Mr. Ledcke's background," but stated that these attributes were overshadowed by the fact that he continued to commit crimes even after purportedly ending his gang affiliation. Even more, the court continued, Ledcke's continuing illegal activity resulted in numerous convictions for dealing drugs and violent crimes—particularly, unlawful use of a firearm, aggravated and domestic battery, and reckless homicide—and that this history of recidivism required the court "to take into account deterring further crimes and protecting the public from further crimes." Finally, the court's concern for public safety led it to reject Ledcke's assurance that the public would be protected adequately if he were placed on supervised release.

## II. Discussion

On appeal Ledcke makes three challenges to his 120-month sentence. First, he renews his argument that the district court incorrectly determined that his base offense level was 24 because under *Leocal*, his reckless homicide conviction is not a "crime of violence" as defined by § 4B1.2(a)(2). He concedes, however, that this argument is meritless and presents it solely to preserve it for possible further review. Ledcke is right to so concede. Not only have we rejected the argument that *Leocal* requires a predicate offense to have as an element a *mens rea* higher than recklessness for it to fall under § 4B1.2(a)(2), *see United States v. Sperberg*, 432 F.3d 706, 708-09 (7th Cir. 2005), but we recently have held that Illinois's statutory definition of criminal recklessness alone describes a "crime of violence" by requiring

"a conscious disregard of a substantial and unjustifiable risk" of "the bodily safety of an individual," *United States v. Newbern*, 479 F.3d 506, 509-10 (7th Cir 2007) (internal quotation marks and citation omitted); *see also United States v. Rutherford*, 54 F.3d 370, 373-74 (7th Cir. 1995) ("[R]eckless and negligent acts are analyzed under the 'otherwise' clause in [§ 4B1.2(a)(1)]."); *cf. Sperberg*, 432 F.3d at 708 (holding that drunk driving under Wisconsin law constitutes "crime of violence" because drunk driving "poses serious risks to other motorists and pedestrians"); *United States v. Jackson*, 177 F.3d 628, 633 (7th Cir. 1999) (holding that felony criminal recklessness under Indiana law is "crime of violence" because it requires showing that defendant "recklessly, knowingly, or intentionally . . . inflict[ed] serious bodily injury on another person").

Ledcke next contends that because the indictment underlying his reckless homicide conviction "recited no facts" explaining how he acted recklessly when committing the homicide, the district court had no basis upon which to conclude that his conviction qualified as a "crime of violence." We review Ledcke's argument de novo, *see Jackson*, 177 F.3d at 632, but the argument misses the point: no factual development was needed because, as we explained earlier, criminal recklessness under Illinois law alone describes a "crime of violence," *see Newbern*, 479 F.3d at 509-10 ("Because the statute itself makes clear that reckless discharge of a firearm qualifies as a crime of violence, the factual detail in the charging document is irrelevant to this case."); *Sperberg*, 432 F.3d at 708 ("True it is that recidivist enhancements depend on what the person stands convicted of and not what he did in fact. Usually this means sticking with the text of the statute." (internal citation omitted)).

But that aside, Ledcke's argument fails in any event. Contrary to what Ledcke's attorney asserted at oral argument, sentencing courts are not allowed to undertake what essentially is a collateral review of the facts underlying a predicate conviction when determining whether that conviction was for a "crime of violence"; rather, courts are to examine the facts presented in the charging documents only. *See* U.S.S.G. § 4B1.2 cmt. n.2; *United States v. Vargas-Garnica*, 332 F.3d 471, 474-75 (7th Cir. 2003); *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir. 1997). And that is what the district court did here—it looked to the indictment to which Ledcke pleaded guilty and determined that it charged a "crime of violence" by alleging that he "recklessly performed acts in such a manner as were likely to cause death or great bodily harm to some individual and such acts caused the death of [one individual]." No more was required, nor permitted. *See* U.S.S.G. § 4B1.2 cmt. n.2; *Vargas-Garnica*, 332 F.3d at 474-75; *Shannon*, 110 F.3d at 384.

Finally, Ledcke argues that his 120-month prison sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005); specifically, he asserts that the district court imposed that sentence only after impermissibly presuming that it was

reasonable because it fell within the guidelines range. Ledcke contends that the court "revealed" this presumption of reasonableness when it stated: "'The primary factor in this case is Mr. Ledcke's background and the need to protect the public and deter adequately. That said, the positive things in Mr. Ledcke's background I think are sufficient to warrant a sentence at the low end of the guideline[s] range but not below the guideline[s] range.'" These comments, according to Ledcke, demonstrate "the court's belief that [he] needed to do something more to show an exceptional reason as to why the court should go below the guidelines range."

Although Ledcke is correct that a sentencing court may not presume that any sentence it imposes within the guidelines range is reasonable, *see Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006), he incorrectly interpolates into the district court's statements a presumption of reasonableness. At sentencing the court never stated that it presumed a sentence within the guidelines range was reasonable, nor did the court state that Ledcke needed to point to "an exceptional reason" supporting a sentence below the range. A fair reading of the court's comments instead reveals them to be an explanation as to how the court weighed the parties' competing arguments and applied those arguments to the sentencing factors outlined in 18 U.S.C. § 3553(a). Thus, the most that the court's statements can show is that the court acknowledged its authority to impose a sentence below the guidelines range, but simply declined to do so. In short, Ledcke's claim that the district court presumed his sentence was reasonable is baseless.

With that said, Ledcke's reasonableness challenge fails. His 120-month sentence falls within the properly calculated guidelines range of 120 to 150 months. We therefore presume that the sentence is reasonable, *see Rita*, 127 S. Ct. 2462, and Ledcke can rebut that presumption only by showing that the district court failed to consider the § 3553(a) sentencing factors adequately, *see Gama-Gonzalez*, 469 F.3d at 1111; *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Ledcke contends that the court's failure to consider the sentencing factors is evident from its rejection of his request to impose a sentence below the guidelines range. He asserts that the court "never responded to [his] request aimed towards a sufficient but not greater than necessary sentence" as required by § 3553(a), and in so doing, refused guidance from "all of the factors listed under section 3553 rather than just some of them."

Our review of the record shows otherwise; the district court discussed the § 3553(a) factors at length before imposing sentence, although, as we repeatedly have asserted, it was not required to. *See, e.g.*, *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Moreover, the court did, in fact, respond to Ledcke's request to impose a sentence "sufficient but not greater than necessary" when it stated that a sentence within the

guidelines range would best protect the public.  Simply because the court disagreed with Ledcke's assertion that a sentence below the range would be "sufficient but not greater than necessary" does not render the 120-month sentence unreasonable.  *See Nitch*, 477 F.3d at 937; *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006) ("[D]isagreement with [the] judge's assessment of the relevant sentencing factors does not by itself warrant reversal.").

AFFIRMED.