**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 22, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3679

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 03:07cr29 |
| DIRK ALAN ADAMS, *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge*. |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

# O R D E R

Dirk Adams, a convicted felon and unlawful user of controlled substances, pleaded guilty to possession of firearms and ammunition. *See* 18 U.S.C. § 922(g)(1), (g)(3). The district court, over Adams's objection, set a base offense level of 20 on the assumption that his Indiana felony conviction for driving under the influence is a conviction for a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A) cmt. n.1. The court sentenced Adams to 46 months' imprisonment, the low end of the imprisonment range. Had the court sustained Adams's objection, his base offense level would have been 14, and his imprisonment range, 24 to 30 months. Adams now appeals.

During the pendency of this appeal, the Supreme Court overruled circuit precedent and held in *Begay v. United States*, 128 S. Ct. 1581 (2008), that drunk driving is not a "violent felony" as that term is defined in the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(2)(B). *Cf. United States v. Sperberg*, 432 F.3d 706, 708 (7th Cir. 2005) (holding that Wisconsin felony conviction for driving under the influence is a "violent felony" under the ACCA). Adams was not sentenced under the ACCA, but in *Sperberg*, 432 F.3d at 708, we concluded that "violent felony" and "crime of violence" have the same meaning, *compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a), and even before *Sperberg* we had held that felony drunk driving is a crime of violence under the pertinent section of the guidelines, *United States v. Rutherford*, 54 F.3d 370, 376-77 (7th Cir. 1995). As the government anticipated, the Supreme Court's ruling in *Begay* abrogates our holding in *Rutherford*. We thus conclude that Adams must be resentenced. His sentence on each count is VACATED, and the case is REMANDED for resentencing.