In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1421

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES RAY JACKSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:02cr0055AS—**Robert L. Miller, Jr.**, *Chief Judge*.

ARGUED AUGUST 5, 2008—DECIDED DECEMBER 15, 2008

Before POSNER, COFFEY, and MANION, *Circuit Judges*.

COFFEY, *Circuit Judge*.  After James Jackson violated the terms of his supervised release resulting from two drunk driving arrests, the district court proceeded to revoke his release status and ordered him returned to prison. Jackson challenges the length of the prison term imposed after revocation of supervised release, arguing that the district court erred in determining that a felony

DWI is a crime of violence. *See* U.S.S.G. § 7B1.1(a).[1] Because the district court made clear that it would have imposed the same prison term upon him regardless of whether his DWI was classified as a crime of violence or not, we affirm.

In 2002 Jackson pleaded guilty to using a firearm while committing a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A), and was sentenced to 60 months' imprisonment to be followed by two years of supervised release. In June 2006 Jackson was released from confinement and began serving his term of supervised release. As a condition of his supervised release, Jackson was prohibited from committing any crimes and was to "refrain from excessive use of alcohol." It did not take long for him to violate these conditions. In November 2006 he was arrested in Indiana for (and later pleaded guilty to) a misdemeanor count of driving while intoxicated. In 2007 Jackson again pleaded guilty in Indiana to driving while intoxicated, and at that time his conviction was classified as a felony. *See* IND. CODE § 9-30-5-3.

In May 2007 the district court granted the government's motion and revoked Jackson's supervised release. Jackson was taken into custody. Jackson stipulated that

---

[1] After Jackson filed his brief on appeal, the Supreme Court issued its opinion in *Begay v. United States*, 128 S. Ct. 1581, 1583 (2008), holding that a DWI is not a violent felony. Recently we followed this holding and determined that a DWI is not a crime of violence. *See United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008).

he violated the terms of his supervised release, including several terms in his stipulation that are relevant to the calculation of the recommended range in the sentencing guidelines for additional imprisonment after revocation of supervised release.[2] The range is based on three factors: (1) the severity of the supervised-release violation, (2) the defendant's criminal history category when he was sentenced for the underlying offense, and (3) whether that underlying offense was a Class A felony. U.S.S.G. § 7B1.4(a). In the stipulation Jackson agreed that his original crime—using a firearm while dealing drugs—was a Class A felony and that his criminal history category at that time was II. Regarding the final factor—the severity of his violation—the violations are divided into three grades. A crime punishable by more than a year's imprisonment is a Grade B violation, but it is a Grade A violation if it is a "crime of violence," as defined in U.S.S.G. § 4B1.2(a) and its Application Note 1. *Id*. §§ 7B1.1(a)(1), 7B1.1(a)(1), Application Note 2, 7B1.4(a). The stipulation is silent about whether Jackson's DWI is a crime of violence, but the stipulation

---

[2] The Sentencing Commission has established a Revocation Table of recommended sentencing ranges for imprisonment after violation of supervised release. *See* U.S.S.G. § 7B1.4(a). These ranges, however, are advisory, thus the sentencing court "has discretion to impose the sentence that it feels appropriate within the statutory limits," even if it falls outside of the advisory range. *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *see United States v. Kizeart*, 505 F.3d 672, 673 (7th Cir. 2007).

does state that the appropriate guidelines range is 27 to 33 months. The government did agree that it would not argue for more than 30 months' additional imprisonment and that Jackson could argue for a shorter term.

During Jackson's revocation hearing, his attorney suggested that the sentencing court impose a prison term of between 6 and 12 months. He argued that Jackson's DWI conviction was not a felony crime of violence and thus that, for purposes of calculating the guidelines range, it should be classified as a Grade B rather than a Grade A violation. At the time of Jackson's sentencing, the law in this circuit was that a DWI was a crime of violence. *See United States v. Sperberg*, 432 F.3d 706, 708 (7th Cir. 2005); *United States v. Rutherford*, 54 F.3d 370, 376-77 (7th Cir. 1995). However, after Jackson was sentenced, we followed the Supreme Court's reasoning in *Begay v. United States*, 128 S. Ct. 1581, 1583 (2008), and held that a DWI felony is not a crime of violence for purposes of the sentencing guidelines. *See United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008).

The prosecutor, relying on then-current precedent, argued that a felony DWI was a crime of violence and thus that it was a Grade A violation. He argued that Jackson's underlying offense—use of a firearm while dealing drugs—was a serious crime, that Jackson had been convicted of several felonies that had not been taken into account in his criminal history score when he was sentenced, and furthermore that his problem with alcohol abuse is not unique. The prosecutor then asked the court to accept the parties' stipulation and impose a

sentence of 27 to 30 months' imprisonment after the revocation of supervised release.

The sentencing court found that Jackson's felony DWI conviction was a crime of violence, resulting in a guidelines range of 27 to 33 months' additional imprisonment. However, the court said that, even if DWI should be held not to be a crime of violence by the Supreme Court, it would impose the same sentence. The court explained that:

> THE COURT: I think there is—I have to consider the need for the sentence to protect the public from the Defendant. And given the driving while intoxicated, whether one wants to call it—regardless of what the Supreme Court decides as to whether it's a violent felony, it certainly is a crime that threatens people, the safety of people, and so there is a significant need to protect the public from Mr. Jackson as long as he is drinking.

(R.T. 16-17.)

The judge also mentioned several other factors he considered including Jackson's need for alcohol-abuse treatment, the need for deterrence, Jackson's history and characteristics, the nature and circumstances of the supervised-release violations and of the underlying crime, as well as the need for proportionality in sentencing. The court went on to comment that, after considering the 18 U.S.C. § 3553(a) factors, "I do think that the Guidelines have it about right with the 27 to 33 months" and sentenced Jackson to a prison term of 27 months.

This court will reverse a sentence for a violation of supervised release only if the court order is plainly unrea-

sonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). This standard is highly deferential, akin to "narrowest judicial review of judgments" in the court's toolkit. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (likening this standard of review to the "some evidence" standard applicable to review of sanctions imposed by prison disciplinary boards).

Jackson argues that his DWI felony should not be considered a crime of violence because, he insists, the elements of the crime "lack any conduct component that creates any particular danger to anyone." Thus, he concludes, the district court should have used the Grade B range as the starting point for the sentencing discussion. As we have explained earlier, when Jackson was sentenced, the law in this circuit was that a felony DWI was a crime of violence for purposes of the sentencing guidelines. *See Sperberg*, 432 F.3d at 708; *Rutherford*, 54 F.3d at 376-77. Two weeks after Jackson filed his brief, however, the Supreme Court reversed the law deciding that a DWI is no longer to be considered as a violent felony under the Armed Career Criminal Act. *See Begay*, 128 S. Ct. at 1583. Recently, complying with the Supreme Court's edict, we have held, following the case law set forth in *Begay*, that a DWI is not a crime of violence for purposes of the sentencing guidelines. *See Templeton*, 543 F.3d at 380.

But *Begay* and *Templeton* do not help Jackson because the trial judge made clear that he would have imposed the same sentence regardless of whether a felony DWI is a Grade A or Grade B violation. *See United States v. White*,

519 F.3d 342, 349 (7th Cir. 2008) (declining to remand for resentencing after *Kimbrough* where district court made a "firm statement" that it would have imposed the same sentence even absent the guidelines); *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005) (declining to remand for resentencing where district court anticipated the decision in *Booker* and noted that it would have imposed the same sentence whether the guidelines were mandatory or advisory). Observing that "given the driving while intoxicated, whether one wants to call it—regardless of what the Supreme Court decides as to whether it's a violent felony," the court determined that the crime threatens people's lives and safety and that "there is a significant need to protect the public from Mr. Jackson as long as he is drinking." The court thus recognized the issue in *Begay* but concluded that the Supreme Court's decision would not change its view of the appropriate prison term for Jackson. The court reiterated its position when it later explained that, given all of the sentencing factors, "I do think that the Guidelines have it about right with the 27 to 33 months."

The district court adequately explained that based on the Sentencing Commission's policy statements and the factors under 18 U.S.C. § 3553(a), it would have imposed the same 27-month term of imprisonment after revocation of supervised release regardless of whether a DWI was classified a "crime of violence." *See Neal*, 512 F.3d at 438; *United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007). The sentence that the court imposed after the revocation of Jackson's supervised release was not

plainly unreasonable. We AFFIRM both the judgment and sentence imposed.