NONPRECEDENTIAL DISPOSTION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 20, 2010
Decided May 26, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 09-2548 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 1:03-cr-00725-1 |
| MICHAEL PARTEE, *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**O R D E R**

This is the second effort by Michael Partee to obtain relief from his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Previously, in a nonprecedential order, we affirmed Partee's conviction but vacated his sentence and remanded the case for resentencing. *See United States v. Partee*, 273 F. App'x 529 (7th Cir. 2008). We also

specifically held that Partee's new sentence needed to reflect, among other things, our determination that his prior conviction in Georgia was a "controlled substance offense" for guidelines calculations.  (This, along with other qualifications, made Partee a career offender under U.S.S.G. § 4B1.1.)  Since that time, the Supreme Court has decided *United States v. Begay*, 553 U.S. 137 (2008), and *United States v. Chambers*, 129 S. Ct. 687 (2009).  Partee now argues that those decisions require us to reconsider our earlier determination regarding the Georgia conviction, which the district court dutifully applied on remand.[1]  The government, on the other hand, contends that, because our previous analysis did not violate *Begay* and *Chambers*, the "law of the case" doctrine precludes considering Partee's challenge a second time.

In the first appeal, we rejected Partee's argument that, "although he was charged in Georgia with *selling* cocaine, the sentence he received was necessarily only for *possession*, which is not a controlled substance offense for guideline calculations."  *Partee*, 273 F. App'x at 532 (emphasis added).  We agreed, however, that it was "somewhat mysterious" that Partee received a sentence of only two years, which was below Georgia's mandatory minimum of five years for selling cocaine.  Because there was no explanation in the record, we found that the district court could "examine the charging papers and the plea colloquy to determine what the offense was."  *Id.* at 533 (citing *United States v. Sperberg*, 432 F.3d 706 (7th Cir. 2005)).[2]  Applying *de novo* review, we agreed with the district judge in Partee's case that the indictment, transcript of the plea hearing, and judgment of conviction all "substantiate that he was *convicted* of selling cocaine."  *Id.* (emphasis added).  As for the light sentence, we thought it was reasonable to conclude that Partee "caught a break."

On remand, the district judge applied our ruling concerning the Georgia conviction (over defense counsel's objection) and consequently sentenced Partee as a career offender.  The judge ultimately imposed a term of 120 months on the gun count and 262 months on the distribution count, the terms to run concurrently.  Partee now appeals, urging us to revisit our determination regarding the Georgia conviction in light of intervening Supreme Court precedent.  This is a question of law, which we review *de novo*.  *See Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000).

---

[1]Although Partee introduced two other issues on appeal, at oral argument, his counsel agreed that disposition of the Georgia conviction issue requires us to either affirm the judgment in full or vacate the sentence and remand the case for resentencing.  Thus, it is unnecessary for us to address the remaining issues.

[2]The specific holding of *Sperberg*—that the felony crime of driving while intoxicated (Sperberg had eight DUI convictions) was a "violent felony" within the meaning of the Armed Career Criminal Act (ACCA)—was overruled by *Begay*.  *See United States v. Jackson*, 549 F.3d 1115, 1117-18 (7th Cir. 2008).  We did not, however, cite *Sperberg* for that point of law.

The "law of the case" doctrine would ordinarily prevent us from reconsidering our earlier determination regarding the Georgia conviction. *See Agostini v. Felton*, 521 U.S. 203, 236 (1997); *Starcon Int'l, Inc. v. Int'l Bhd. of Boilermakers*, 450 F.3d 276, 278 (7th Cir. 2006). It is not improper to depart from a prior holding, however, if we are "convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983); *see also Davis v. United States*, 417 U.S. 333, 342 (1974) (holding that the court of appeals erred in adhering to the doctrine despite an intervening change in law). Partee argues that his case fits the bill because our previous analysis ran afoul of *Begay* and *Chambers*, as well as our interpretation of those opinions in *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). Accordingly, we begin by briefly reviewing the relevant decisions.

In *Begay*, the Court held that New Mexico's crime of driving under the influence of alcohol is not a "violent felony" within the meaning of the ACCA. In so holding, the Court reiterated that, when determining whether a crime is a violent felony, a categorical approach should be used. This means that judges should "consider the offense generically, that is to say, [they] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay*, 553 U.S. at 141 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990), and *James v. United States*, 550 U.S. 192, 208-09 (2007)).

In *Chambers*, the Court held that Illinois's crime of failure to report for penal confinement is not a "violent felony" within the meaning of the ACCA. Like *Begay*, *Chambers* reaffirmed the categorical approach described in *Taylor* and *James*. Importantly, the Court also looked to the state court record—that is, to the "charging document, plea agreement, jury instructions, or transcript of plea colloquy"—to determine the precise crime at issue. *Chambers*, 129 S. Ct. at 691 (citing *Shepard v. United States*, 544 U.S. 13, 25 (2005)).

In *Woods*, we held that Illinois's crime of involuntary manslaughter was not a "crime of violence" for purposes of career offender guidelines. Because the categorical approach also applies to the guidelines' career offender provisions, *see United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008), we based our decision there on the *Taylor/James* line of cases.[3] We also discussed the proper analysis when the statute at issue is divisible, meaning that it covers more than one offense. In that situation, we found, pursuant to *Shepard*, that courts may consult the charging document, the plea agreement or transcript of the plea colloquy, or some comparable judicial record. We emphasized, however, that "the additional

---

[3]Although the issue here specifically concerns whether a prior conviction qualifies as a "controlled substance offense" as opposed a "crime of violence," neither party has argued that the categorical approach does not apply. Indeed, our sister circuits have expressly held the opposite. *See, e.g., United States v. Bryant*, 571 F.3d 147, 157 n.7 (1st Cir. 2009); *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008).

materials permitted by *Shepard* may be used only to determine *which* crime within a statute the defendant committed, now *how* he committed that crime." *Woods*, 576 F.3d at 405. We highlighted the latter point because language in our previous opinions (specifically, *Templeton*) could be read to the contrary.

Partee concedes that, because the Georgia statute under which he was charged was divisible,[4] and there was (at best) some ambiguity regarding the specific offense of conviction, we properly consulted *Shepard* materials in the first appeal. His argument purportedly centers around the concern expressed in *Woods* that some of our recent cases had incorrectly applied the categorical approach. Specifically, Partee contends that, in examining the *Shepard* materials, we impermissibly looked to the particular facts of his case and determined *how* he committed the crime, not *which* crime he committed. We disagree. In the first appeal, as we previously discussed, we examined the state court indictment, plea colloquy, and judgment of conviction and determined that Partee "was *convicted* of selling cocaine." *Partee*, 273 F. App'x at 533 (emphasis added). We neither addressed nor relied upon Partee's actual conduct. Because our analysis did not violate the categorical approach outlined in *Begay*, *Chambers*, or *Woods*, there is no "manifest injustice," and the law of the case doctrine precludes Partee's claim.

Partee's real argument (although he tries to get around it to avoid the law of the case doctrine) is that our analysis was correct but our conclusion was wrong. But even if it were proper to reexamine that holding now, our decision would not change. As in the first appeal, the only evidence that Partee points to in support of his position is the length of his Georgia sentence. At oral argument, however, his counsel could not explain why one piece of the state court record should trump all the rest. We fully comprehend that Partee's sentence was inconsistent with the applicable statute and possibly improper under Georgia law. But this is neither the time nor the place for Partee to collaterally attack his prior conviction.[5] *See Custis v. United States*, 511 U.S. 485, 497 (1994) (holding that the defendant could not use the federal sentencing forum to gain review of his state convictions). Here, the indictment says that Partee was *charged* with selling cocaine, the plea transcript indicates that Partee was *pleading* to the indictment as charged, and the judgment of conviction notes that Partee was *convicted* of counts one and two of the indictment, not lesser included

---

[4]Subsection (a) of the Georgia statute prohibited "any person to . . . possess . . . any controlled substance" whereas subsection (b) prohibited "any person to . . . sell . . . any controlled substance." GA. CODE ANN. § 16-13-30. For violations of subsection (a), the term of imprisonment could be "not less than two years nor more than 15 years," whereas for violations of subsection (b), the term could be "not less than five years nor more than 30 years." *Id.*

[5]Of course, Partee, who as we noted the first time around probably "caught a break," had no incentive to appeal. The same probably cannot be said for the state of Georgia.

offenses.  Those pieces of the state court record resolve this appeal.  This conclusion moots the other arguments Partee presses this second time around.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.