**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011
Decided January 9, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2591

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 98 CR 889-1 |
| MOTTIO PASCHAL, *Defendant-Appellant.* | John F. Grady, *Judge.* |

**O R D E R**

Mottio Paschal pleaded guilty to a 1998 bank robbery and was sentenced to 120 months' imprisonment and three years' supervised release. But within months of completing his prison term and beginning supervised release, he committed two more bank robberies. He again pleaded guilty and was sentenced to an additional 75 months' imprisonment. His probation officer then petitioned the district court to revoke his release, and Paschal conceded that revocation was appropriate. The court revoked his release and sentenced him to 12 months' reimprisonment, consecutive to his current 75-month sentence. Paschal filed a notice of appeal, but his appointed counsel contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Paschal did not respond to counsel's motion to withdraw. *See* CIR. R. 51(b). Our review is confined to the

potential issues identified in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Paschal could challenge the revocation of his supervised release. But Paschal has not indicated that he wants to contest the revocation, and so counsel should not have explored possible challenges to it. *See United States v. Wheaton*, 610 F.3d 389, 390–91 (7th Cir. 2010).

Counsel also considers whether Paschal could mount a non-frivolous challenge to his 12-month postrevocation sentence of reimprisonment, but properly concludes that any such challenge would be frivolous. We review a district court's sentence of reimprisonment to determine if it is plainly unreasonable. *See United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008). Here, Paschal's bank robberies were grade A violations, *see* U.S.S.G. § 7B1.1(a)(1) (noting that a "crime of violence" is a grade A violation; §4B1.2 cmt. n. 1 (classifying robbery as a crime of violence); United *States v. Roberson*, 474 F.3d 432, 433 (7th Cir. 2007), and his criminal history category was IV, yielding a guidelines range of 24 to 30 months' imprisonment. In sentencing Paschal to 12 months, the judge acknowledged the factors in 18 U.S.C. § 3553(a), including defense counsel's arguments about Paschal's mental health struggles, but regarded Paschal's bank robberies while on supervised release as a "serious matter" that could not go unpunished. In his view, the 24-month sentence the government requested would not "serve any useful purpose"; a 12-month sentence was sufficient to "make the point." In light of these comments, it would be frivolous to contend that Paschal's below-guideline sentence was plainly unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.