NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3902

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10CR40013-001 |
| BRANDON R. LOWE, *Defendant–Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Brandon Lowe pleaded guilty in 2010 to possessing with intent to distribute 4-bromo-2, 5-dimethoxyphenethylamine, a Schedule I controlled substance commonly known as 2C-B. *See* 18 U.S.C. § 841(a)(1); 21 C.F.R. § 1308.11(a), (d)(3). He was sentenced to 6 months' imprisonment and 3 years' supervised release. *See* 18 U.S.C. § 841(b)(1)(C). Lowe was released from prison in 2011 but failed to comply with several conditions of his supervision. Based on these violations, the district court in January 2013 modified his supervision and placed him in a halfway house for up to 180 days. Lowe again violated the terms of his supervision and, in October, his probation officer petitioned the court for revocation. After Lowe admitted a number of violations, including possession of marijuana and heroin, the district court revoked his supervised release

and imposed 14 months' imprisonment, to be followed by 12 months of supervised release. *See* 18 U.S.C. §§ 3583, (e)(3), (g)(1), (h).

Lowe appeals, but his lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Lowe to comment on counsel's motion, *see* CIR. R. 51(b), but he has not responded. Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, — F.3d —, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Lowe wishes to challenge the revocation, and thus the lawyer appropriately considers whether Lowe could argue that the decision to revoke his supervised release was an abuse of discretion. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). We agree with counsel that any appellate claim challenging the revocation would be frivolous. Lowe admitted possessing marijuana, heroin, and other drugs, so the revocation and reimprisonment were mandated by statute. *See* 18 U.S.C. § 3583(g)(1). Moreover, the judge explained the nature of the allegations to Lowe, told him the consequences of admitting their truth, and ensured that no one had induced his admissions; therefore, there would be no basis for Lowe to argue that his admissions were not knowing and voluntary. *See* FED. R. CRIM. P. 32.1(b); *United States v. LeBlanc*, 175 F.3d 511, 516–17 (7th Cir. 1999).

Counsel next considers whether Lowe could argue that his 14-month term of reimprisonment is plainly unreasonable, *see United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008), but properly concludes that any such challenge would be frivolous. Fourteen months is below the two-year statutory maximum that applies when supervised release is revoked on a Class C felony, *see* 18 U.S.C. §§ 3583(g)(1), (e)(3), 3559(a)(3); 21 U.S.C. § 841(b)(1)(C), and also is within the range of 8 to 14 months suggested by the Sentencing Commission, *see* U.S.S.G. § 7B1.4(a). Furthermore, the judge reasonably applied the relevant factors under 18 U.S.C. § 3553(a) in determining the sentence, taking into account Lowe's history and characteristics, as well as the need for deterrence, public safety, and drug treatment for Lowe. *See* 18 U.S.C. 3583(e). In these circumstances, we would not conclude that the sentence was plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Counsel speculates that Lowe could claim that his lawyer during the revocation proceedings was constitutionally deficient. This assumes that Lowe had a constitutional right to counsel, but that right attaches in revocation proceedings only if the defendant contests the alleged violations or presents substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 798–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Those circumstances were not present in Lowe's case. And we need not decide whether Lowe's statutory right to counsel under 18 U.S.C. § 3006A(a)(1)(E) and Federal Rule of Criminal Procedure 32.1(b)(2)(D) could support a constitutional claim of ineffective assistance. *See Eskridge*, 445 F.3d at 932–33. Counsel identifies no deficiency that could be the basis of a claim of ineffective assistance. *See Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010). Moreover, counsel represented Lowe in the district court and, as she recognizes, is in no position to challenge her own performance. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.