NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015
Decided February 25, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3036

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 02-CR-30013-MJR |
| SCOTTIE MORRELL MUSGRAVES, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

Scottie Musgraves pleaded guilty in 2002 to possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). He was sentenced to 180 months' imprisonment and 3 years' supervised release. *See id.* § 841(b)(1)(C). Musgraves was released from prison in 2013 but soon used cocaine. Based on that violation of the conditions of his supervised release, the district court in December 2013 modified the conditions by placing Musgraves under curfew and electronic monitoring. Musgraves again violated the terms of his supervision in January 2014 when he committed aggravated domestic battery and was sentenced in state court for that violation. At that point his federal probation officer petitioned the court for revocation based on the battery as well as the earlier drug possession. After Musgraves stipulated to these violations, the district court revoked his supervised release and sentenced him to 24 months in custody.

Three months of that sentence were to run concurrently with the state-court sentence he was serving for the battery. *See* 18 U.S.C. § 3583(e)(3), (g)(1).

Musgraves appeals, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Musgraves to comment on counsel's motion, *see* CIR. R. 51(b), but he has not responded. Counsel has submitted a brief that explains the nature of the case and addresses the issues which an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first notes that Musgraves does not wish to dispute his admissions to violating the terms of his supervised release. Thus, counsel properly refrains from discussing whether Musgraves could challenge the decision to revoke his supervision. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel considers whether Musgraves could argue that his 24–month term of reimprisonment is plainly unreasonable, *see United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008), but properly concludes that any such challenge would be frivolous. Based on the nature of the conduct resulting in the revocation and Musgraves's criminal-history category, the Sentencing Commission's policy statements advised a term of reimprisonment of 33 to 41 months. *See* U.S.S.G. § 7B1.4(a). Because the bottom of the suggested range exceeded the maximum term allowed by statute when supervised release is revoked on a Class C felony, *see* 18 U.S.C. §§ 3583(e)(3), 3559(a)(3); 21 U.S.C. § 841(b)(1)(C), the statutory maximum of two years became the suggested policy-statement term, *see* U.S.S.G. § 7B1.4(b)(1), which is what the district court imposed. Furthermore, the court reasonably applied the relevant factors under 18 U.S.C. § 3553(a) in determining the reimprisonment term, taking into account the seriousness of the violations, Musgraves's history and characteristics (including his history of violence, acceptance of responsibility, and cognitive disability resulting from a self-inflicted gunshot wound when he was a teen) as well as the need for public safety. *See* 18 U.S.C. § 3583(e). In these circumstances, we would not conclude that the term of reimprisonment was plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Counsel also informs us that Musgraves wishes to argue that the district court should have ordered that the entire revocation term—rather than only 3 months of the

term—be served concurrently with his state sentence for aggravated domestic battery. We agree with counsel that such a challenge would be frivolous. The district court recognized its discretion to make Musgraves's reimprisonment term consecutive to or concurrent with his state-court sentence: The court reasoned that the seriousness of Musgraves's offense warranted the statutory-maximum punishment but that his acceptance of responsibility justified a partially concurrent term. *See United States v. Taylor*, 628 F.3d 420, 424–25 (7th Cir. 2010); *see also* U.S.S.G. § 7B1.3(f) (favoring consecutive term of imprisonment at revocation).

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.